IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Tylon Hudson,                )
                             )
        Plaintiff,            )
                             )
    v.                        )    No. 13 c 8752
                             )
Toni Preckwinkle, d/b/a      )
Cook County, Il, Tom Dart    )
et al.,                      )
                             )
        Defendants.           )

## MEMORANDUM OPINION AND ORDER

Tylon Hudson ("Hudson") has utilized the printed Clerk's-Office-supplied form of 42 U.S.C. Section 1983 ("Section 1983") Complaint to charge that his constitutional rights were violated by his being subjected to a physical attack by fellow Cook County Department of Corrections ("County Jail") inmate Michael Morgan ("Morgan") at the alleged inducement of County Jail Officer Campbell -- an attack that occurred even though Hudson had told many County Jail personnel about the threats that he had received and about the likelihood of such an attack. Hudson has accompanied his Complaint with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"). Those latter two documents will be addressed here first.

But before this opinion turns to the current litigation, something should be said about Hudson as a litigant. This District Court's LR 40.3(b)(1)(B) dictates that successive

lawsuits by inmates who complain of various aspects of prison conditions are to be assigned to the same District Judge. Although that procedure may sometimes have the effect of saddling a judge with a "pen pal" that he or she might prefer not to have, it has the salutary purpose (and frequently the salutary effect) of providing the assigned judge with useful information that another judge who receives a single case from the same plaintiff via random assignment would be unlikely to possess.

In this instance Hudson filed two pro se complaints last year (in Hudson v. County of Cook, 12 C 4276 and Hudson v. Mueller, 12 C 5063) in which this Court, having credited his allegations as "plausible" in surface terms, designated a member of this District Court's trial bar to represent Hudson pro bono publico. After devoting considerable effort to the handling of Hudson's cases, the designated counsel filed motions with supporting memoranda that sought leave to withdraw as counsel because he had reached the conclusion "that Hudson's claims are wholly frivolous and without merit."

This Court treated counsel's submissions as the legal equivalent of the well-known Anders brief in criminal cases and therefore granted Hudson the opportunity to respond in a way that would negate counsel's unfavorable conclusion (see this Court's March 6, 2013 memorandum order in those cases). Because Hudson failed to do so, this Court then dismissed both of those cases --

2

and it later issued a May 21 memorandum order that denied Hudson's motion for reconsideration and reinstatement of the cases, coupling that denial with a detailed explanation of the grounds for upholding designated counsel's characterization of Hudson's frivolousness.

This opinion will nonetheless credit Hudson's current allegations at face value, treating him as writing on a clean slate. If however it were later learned that this is another instance of abuse of the litigation process by a litigant who feels that he has nothing at risk, this Court would consider recommending to the Executive Committee that Hudson be placed on the list of restricted filers in this District.

Now to the current case. To begin with, the printout of transactions in Hudson's trust fund account at the County Jail reflects that no deposits were made to that account during the six month period preceding the filing of this lawsuit and that throughout that six-month period the account has had a mere $.08 to Hudson's credit. That being the case, 28 U.S.C. § 1915 permits this lawsuit to proceed without Hudson having to make any current payment on account of the $350 filing fee, although that fee will have to be paid in full in future installments.[1]

As for the Motion, it reflects that Hudson made several

---

[1] At a later date this Court will enter an order spelling out the provisions for such future payments.

attempts to retain counsel on his own, thus satisfying our Court of Appeals' prerequisite to the designation of counsel to represent him pro bono publico. This Court has accordingly obtained the name of this member of the District Court's trial bar to represent him:

> Francis X. Buckley, Jr.
> Thompson Coburn LLP
> 55 E. Monroe Street, 37th Floor
> Chicago, IL 60603
> (312) 580-2210

This opinion will deal later with the initial responsibilities of that designated counsel.

To turn to Hudson's substantive claim, it is summarized simply in Paragraph 1 of his Complaint's "Preliminary Statement":

> This action stems from an attack on the plaintiff by detainee Michael Morgan (Morgan), a well-known ranking member of the "notorious Vice Lords street gang."

According to Hudson, that attack was instigated by Officer Campbell because of Hudson's alleged murder and domestic battery of Campbell's relatives (the subject of criminal charges now pending against Hudson). Campbell had assertedly made death threats against Hudson, saying that the threats would be effectuated by the Vice Lords (id. ¶ 2). That allegedly eventuated in Morgan's September 18, 2012 attack on Hudson, "causing him facial punctures, lacerations, swollen face and mouth, etc." (id. ¶ 4).

Now Hudson has named as defendants a laundry list of

personnel at the Cook County Jail, alleging that all were told by Hudson and his relatives of the imminent danger of an attack by Morgan. To this Court's astonishment, although Hudson appears to have sued almost everyone in sight, Campbell -- assertedly the instigator of Morgan's assault -- is not named as a target.

In any event, there are a number of aspects of the Complaint that Hudson's designated counsel will be expected to clean up through a self-contained Amended Complaint. For one thing, Hudson's repetitive narrative, which sets out detailed evidence rather than engaging in the type of notice pleading that conforms to Fed.R.Civ.P. ("Rule") 8(a), should be replaced by more appropriate allegations. For another, Hudson's counsel is expected to be more selective than his client's blunderbuss approach to designating defendants: There is surely no basis for suing Toni Preckwinkle or Cook County, for under Illinois law Sheriff Tom Dart has the responsibility for overseeing the County Jail's operations. Moreover, there is a serious question whether Sheriff Dart should be targeted as a defendant either.

There also appears to be no predicate for Hudson's including <u>Monell</u> allegations in a lawsuit such as this one, which ascribes the alleged constitutional violations to Officer Campbell's individual personal vendetta. And lastly, Hudson' counsel (after conferring with his client) will be expected to narrow appropriately the field of defendants who are charged with having

5

been warned and having failed to take steps to prevent the assault's occurrence.

In sum, the Application (Dkt. 3) and the Motion (Dkt. 4) are granted, and the designated counsel will be expected to move forward as indicated in this opinion.  In the meantime, because the filing of an Amended Complaint is anticipated, there is no need for defendants to answer Hudson's version, and counsel should so advise the State's Attorney office to that effect while deciding which defendants will be retained.  In the meantime, a status hearing is set for 9:30 a.m. January 10, 2014, purely for reporting purposes.

_____
Milton I. Shadur
Senior United States District Judge

Dated:    December 27, 2013