UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYLON HUDSON, et al., on behalf of themselves and all similarly situated individuals, | ) ) ) No. 13 CV 8752 ) ) |
| Plaintiffs, | ) ) |
| v. | ) Magistrate Judge Young B. Kim ) |
| TONI PRECKWINKLE, et al., | ) ) ) June 10, 2014 |
| Defendants. | ) |

## MEMORANDUM OPINION and ORDER

Before the court is the motion of Defendants Thomas J. Dart, in his official capacity as Cook County Sheriff, and the Sheriff's Office defendants (collectively, "Defendants"), to compel Plaintiffs to supplement their responses to Defendants' Request for Production No. 8 (questionnaires completed by detainees) and Interrogatory No. 11. For the following reasons, the motion is granted as it pertains to Request No. 8, but denied as it pertains to Interrogatory No. 11:[1]

---

[1] Defendants sought to have Plaintiffs respond to their Interrogatory No. 11, but their arguments in the motion (and during the motion hearing) largely are devoted to securing the questionnaires in response to Request for Production No. 8. Based on its review of the interrogatory and response, the court sustains Plaintiffs' objections that the scope of Interrogatory No. 11 is overbroad and burdensome on its face. Also, the court cannot glean from the motion how a response to this interrogatory is relevant to the instant action. The court finds that the burden of compiling the information Interrogatory No. 11 seeks outweighs any use that can be derived from it because many of the communications necessarily will be privileged. Accordingly, the motion is denied as to Interrogatory No. 11.

## Background

Plaintiffs allege that a "culture of lawlessness has flourished" at Cook County Jail because of Defendants' failure to adequately manage the jail's population. (R. 12, Am. Compl. ¶ 3.) This culture, Plaintiffs allege, has resulted in a pattern and practice of violence and officer abuse in violation of 42 U.S.C. § 1983. (See, e.g., id. ¶¶ 14, 48-50, 116.) In 2013, attorneys for the putative class sent letters to Cook County Jail detainees seeking information about jail conditions "as a precursor to potential litigation." (R. 18, Pls.' Mot. for Protective Order at 7.) The letter opened with the following statement:

> I am an attorney and a law professor who focuses on the civil rights of people who are locked up. People who are in jail have important rights. . . . I am writing to you to find out more information about conditions in Cook County [Jail]. I am hoping you will share with me your experience in the jail and to help me understand whether your rights are protected. Please answer the question [sic] below and return to me via *legal mail*[.]

(Id. (emphasis in original).)

The letter included a form questionnaire asking for the detainee's name, age, length of detention, and medications taken. (R. 127, Defs.' Mot., Ex. E.) The questionnaire also asked for information about conditions at the jail, including how many hours a day detainees spend in their cells, how many cellmates they have, how often fights occur in their units, and whether the detainees think they receive adequate medical care. (Id.) The letter then concluded by asking whether the detainee "[w]ould like a legal visit from an attorney or law student to discuss these issues further" and provided checkboxes for either a "Yes" or "No" response. (Id.)

2

Defendants filed the current motion to compel on June 4, 2014, seeking production of the completed questionnaires from putative class member-detainees after Plaintiffs' counsel refused to produce them in response to Request No. 8 on the basis of attorney-client privilege. (R. 127, Defs.' Mot. at 3.) On June 6, 2014, this court ordered Plaintiffs to provide the court with the questionnaires submitted by the following 10 detainees for an *in camera* review: Clarence Anderson, Arthur Chaney, Chazz Collins, Sean Hanks, Edwin Figueroa, Jerome Watson, Ronald Shorter, Jermaine Brooks, Laton Stubblefield, and Angelo Matthews.[2]

**Analysis**

Federal law provides the rules of decision in this case, so issues of privilege are governed by federal common law. *See* Fed. R. Evid. 501; *Jaffee v. Redmond*, 518 U.S. 1, 5 (1996) (applying federal common law of privileges to a case including a claim under 42 U.S.C. § 1983); *In re Pebsworth*, 705 F.2d 261, 262 (7th Cir. 1983) (in non-diversity actions privileges are matters of federal common law). The attorney-client privilege protects communications made in confidence by a client to his attorney in the attorney's professional capacity for the purpose of obtaining legal advice. *Jenkins v. Bartlett*, 487 F.3d 482, 490 (7th Cir. 2007) (citing *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997)). Because the privilege is "in derogation of the search for the truth," this court construes it narrowly. *Id.* (quotation

---

[2] At the motion hearing, Defendants limited the scope of the motion to secure a copy of the questionnaires completed by those detainees whose declarations Plaintiffs' expert reviewed in developing his opinions. The court directed Defendants to identify 10 declarants who also submitted questionnaires to Plaintiffs' counsel.

3

ommitted). Determining whether a communication is protected by the attorney-client privilege "hinges upon the client's belief that he is consulting a lawyer in that capacity and his manifested intention to seek professional legal advice." *Westinghouse Elec. Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311, 1319 (7th Cir. 1978) (citations omitted). The party seeking privilege protection carries the burden of showing that it applies. *Valero Energy Corp. v. United States*, 569 F.3d 626, 630 (7th Cir. 2009) (citation omitted).

Defendants argue that neither the contents of the completed questionnaires nor the detainees' relationships with Plaintiffs' counsel gives rise to an attorney-client relationship protecting the questionnaires from disclosure. (R. 127, Defs.' Mot. at 3.) At the June 6, 2014 hearing, Plaintiffs responded that allowing detainees to request a "legal visit" at the end of the questionnaire met the requirements for privilege to apply.[3] Plaintiffs also pointed to the decision in *American Civil Liberties Union Fund of Michigan v. Livingston County*, No. 14 CV 11213, 2014 WL 1977152, at *5 (E.D. Mich. 2014) ("*ACLU*") in support of their position that these questionnaires are protected because privilege can extend to prospective clients as well as current clients.

This court finds that attorney-client privilege does not protect the questionnaire responses from disclosure. Although the form gave detainees the opportunity to request a "legal visit," courts in this district have required that offers to provide legal assistance be more explicit before privilege will attach. For

---

[3] Plaintiffs stated at the hearing that they are not asserting work-product protection over the questionnaires.

4

example, in *EEOC v. Scrub, Inc.*, No. 09 CV 4228, 2010 WL 2136807, at *8 (N.D. Ill. May 25, 2010), questionnaires were considered privileged because they expressly asked if the recipients would like the EEOC to represent them. In *Vodak v. City of Chicago*, No. 03 CV 2463, 2004 WL 783051, at *1 (N.D. Ill. Jan. 15, 2004), the court found privilege applied to completed questionnaires because they were distributed at a meeting where "only those who were seeking legal representation or specific advice were requested to complete the form questionnaire." Similarly, in *Bauman v. Jacobs Suchard, Inc.*, 136 F.R.D. 460, 463 (N.D. Ill. 1990), the court found that questionnaires returned to the EEOC by prospective claimants were protected because only those who desired legal representation were asked to complete the questionnaire. Even in *ACLU*, which Plaintiffs cited to at the June 6, 2014 hearing, the relevant correspondence stated that its purpose was "to find out if you are interested in meeting with an ACLU attorney, or someone who works under the supervision of an ACLU attorney, *for the purpose of obtaining legal advice or assistance*[.]" *ACLU*, 2014 WL 1977152, at *5 (emphasis added).

In contrast, the questionnaire here only offered an opportunity for detainees to discuss "issues" relating to jail conditions with an attorney or law student. Such a vague invitation is a far cry from the express language other courts have relied upon to find that privilege applies. Also, unlike in the cases discussed above, the detainees had the option of completing and returning the form regardless of whether they wanted to have a follow-up discussion with an attorney or law student. Furthermore, rather than conveying that the information collected would

5

be used to evaluate potential claims on behalf of the detainee, the questionnaire's stated purpose was "to find out more information about conditions in Cook County." (R. 127, Defs.' Mot., Ex. E.) Accordingly, Plaintiffs have failed to meet their burden of proving that by completing the form, the detainees reasonably believed they were consulting counsel instead of merely aiding in a fact-finding mission. *See Vodak*, 2004 WL 783051, at *3.

The questionnaire also did not indicate that the information detainees provided would remain confidential. *See Evans*, 113 F.3d at 1462 (attorney-client privilege only shields communications intended to be confidential). The letter did not say that Plaintiffs' counsel would refrain from sharing the information with others, nor did it provide a place for the detainees to indicate whether they wished the information to be kept confidential. *See Schiller v. City of New York*, 245 F.R.D. 112, 114 (S.D.N.Y. 2007). Although the letter directed detainees to return answers "via *legal mail*," it is unclear whether the detainees understood this to mean that Plaintiffs' counsel would not disclose the information provided. (See R. 127, Defs.' Mot., Ex. E); *see also Morisky v. Public Serv. Elec. & Gas Co.*, 191 F.R.D. 419, 423 (D.N.J. 2000). Given the absence of additional evidence, Plaintiffs have not born their burden of demonstrating that the completed questionnaires were confidential, and their assertion of attorney-client privilege cannot stand. *See Vill. of Rosemont v. Priceline.com Inc.*, No. 09 CV 4438, 2010 WL 4876217, at *4 (N.D. Ill. Nov. 22, 2010).

6

## Conclusion

For the foregoing reasons, Defendants' motion to compel is granted as it pertains to Request for Production No. 8, but denied as to Interrogatory No. 11. Plaintiffs are ordered to serve a copy of the questionnaires completed by those detainees who also provided a declaration for Plaintiffs' expert's consideration. Because this ruling is based on the court's *in camera* review of a sample of 10 questionnaires, Plaintiffs are entitled to seek to have questionnaires outside that sample exempt from production if they reflect additional information tending to show that they are privileged.

**ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**