## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TYLON HUDSON; LATON STUBBLEFIELD; ANGELO MATTHEWS; JERMAINE CROOKS; ANTON CARTER, on behalf of themselves and all similarly situated individuals, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 13cv8752<br>Judge Dow |
| v. | ) ) ) | |
| TONI PRECKWINKLE, in her official capacity as President of the Cook County Board; THOMAS J. DART, in his individual and official capacities as Cook County Sherriff; CARRA SMITH in her official capacity as Executive Director of the Cook County Department of Corrections; SUPERINTENDENT OF DIVISION X E. GREER, in his official capacity; SUPERINTENDENT OF DIVISION IX, V. THOMAS, in his official capacity; COOK COUNTY BOARD OF COMMISSIONERS, in their official capacities; OFFICER CAMPBELL, in his individual capacity; SARGEANT LEWIS in her individual capacity; OFFICE WILSON in her individual capacity; LIEUTENANT JOHNSON, in her individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MOTION BY SUBPOENA RESPONDENT SUSAN McCAMPBELL TO QUASH OR STAY PLAINTIFFS' SUBPOENA FOR DOCUMENTS AND HER DESPOSITION**

Susan McCampbell, subpoena respondent in the above captioned matter, by and through her undersigned attorneys, respectfully requests this Court quash or stay Plaintiffs' subpoena for documents and her deposition testimony related to her role as Corrections Monitor in *United*

*States of America v. Cook County, et al.*, No. 10 c 2946, until such times as Judge Kendall rules on whether she is permitted to testify pursuant to the Agreed Order entered in that litigation, states as follows:

### I. A STAY OF THE SUBPOENA IS NECESSARY BECAUSE MCCAMPBELL IS CURRENTLY PROHIBITED FROM TESTIFYING IN THIS MATTER BY THE AGREED ORDER ENTERED IN *U.S. V. COOK COUNTY*

1. Susan McCampbell is the Corrections Monitor appointed by Judge Kendall pursuant to the Agreed Order entered in the matter of *United States of America v. Cook County, et al.*, No. 10 c 2946. (Dkt. 13, attached here to as Exhibit A). In that case, the Civil Rights Division of the United States Department of Justice ("DOJ") alleged conditions of unconstitutional confinement at the Cook County Jail. (*Id.*) As a result of a settlement in that litigation, Ms. McCampbell was appointed pursuant to the § 3626 of the Prison Litigation Reform Act ("PLRA") (18 U.S.C. § 3626) and Rule 53 of the Federal Rules of Civil Procedure to oversee implantation of the Agreed Order. (*Id.*)

2. Specifically, Ms. McCampbell's duties as Correction Monitor include evaluating compliance with 11 sections of the Agreed Order, including: Use of Force by Staff, Safety and Supervision, Security Staffing, Incidents and Referrals, Investigations, the Inmate Disciplinary Process, Classification of Inmates, the Inmate Grievance Procedure, Access to Information, Officer Training and Supervision, and an Inter-Agency Agreement with medical and facilities entities. (*Id.*) Three other Monitors were appointed to oversee other aspects of the Agreed Order. (*Id.*) To date, Ms. McCampbell has completed a number of reports indicating the Sherriff has achieved substantial compliance with respect to the majority of the provisions of the Agreed Order, and that there are no provisions for which he is in non-compliance. (*Id.*)

3. Notably, the Agreed Order entered in *U.S.* v. *Cook County* also contains a Confidentially Provision that explicitly prohibits public disclosures by the Monitors. (*Id*. at 51.) Specifically, it states that the "Monitors shall not testify in any other litigation or proceeding with regard to any act or omission of Defendants or any of their agents, representatives, or employees related to this Agreed Order, nor testify regarding any matter or subject that he or she may have learned as a result of his or her performance under this Agreed Order." (*Id.*)

3. Consequently, any testimony or production of documents in this case related to Ms. McCampbell's role as Corrections Monitor in *U.S v. Cook County* would violate the Agreed Order.

4. For that reason, Defendants here have raised the issue of whether Ms. McCampbell may testify in their Motion to Lift the Confidentiality Provision of the Agreed Order for a Limited Purpose in *U.S.* v. *Cook County* before Judge Kendall. (Dkt. 240, attached as Exhibit B.) Specifically, Defendants requested that the Court enter an order lifting the Confidentially Provision of the Agreed Order such that Ms. McCampbell would be permitted to testify at the preliminary injunction hearing in the instant case. (*Id.*) As this Court is aware, Plaintiffs here seek a preliminary injunction against Cook County stemming from allegations of unconstitutional confinement, a hearing on which is scheduled for the week of July 14, 2014. For a number of reasons cited in their Motion, Defendants assert that Ms. McCampbell's testimony is necessary to defend against Plaintiffs' allegations at the preliminary injunction hearing. (*Id.*) The DOJ objected to this request (Dkt. 242, attached as Ex. C), and Judge Kendall has yet to rule on Defendants' Motion.

5. Presumably because Defendants have represented their intention to present McCampbell's testimony at the preliminary injunction hearing, Plaintiffs issued a subpoena for

documents and to take her deposition before the hearing. (*See* Ex. D.) Nevertheless, the issue of whether she is permitted to testify *at all* is still pending before Judge Kendall.

6. Because Judge Kendall has not yet issued her ruling regarding the Confidentiality Provision in the Agreed Order, Ms. McCampbell respectfully requests that this Court either quash or stay Plaintiffs' subpoena for her deposition. Indeed, unless and until Judge Kendall lifts that Confidentially Order, Ms. McCampbell's testimony in the instant case would be in violation of the Agreed Order.

7. Counsel for Plaintiffs agreed to stay the subpoena pending resolution of the issues by Judge Kendall.

  **II. SHOULD MCCAMPBELL BE ALLOWED TO TESTIFY IN THESE PROCEEDINGS, THE SUBPONEA FOR RECORDS AND DEPOSITION SHOULD BE LIMITED TO MATTERS AT ISSUE IN THESE PROCEEDINGS.**

8. The subpoena issued by Plaintiffs for a Video Deposition of Ms. McCampbell includes an over broad, all-encompassing production request seeking "all written communications between Ms. McCampbell and agents of Cook County, the Cook County Sheriff's Office and the United States Department of Justice from January 1, 2013 until the present date regarding 1) use of force policies, practices and incident [sic] in the Cook County Jail; 2) protection from harm policies, practices and incidents in the Cook County Jail; & 3) the above captioned litigation." (Ex. D.) Counsel for Plaintiff further indicated that she intends to utilize the full 7 hours allowed under the Federal Rules. Should Ms. McCampbell be permitted to testify in these proceedings by Judge Kendall, she respectfully requests that both the time for the deposition and the documents requested be strictly limited to the matters at issue in this case.

9. As is evident from the Agreed Order in *U.S. v. Cook County*, Ms. McCampbell's role as Monitor goes far beyond the scope of the matters pled in this litigation. These

proceedings pertain to use of force and failure to protect claims made by inmates housed in Divisions IX and X of the Cook County Jail. Any documents requested or questions at a deposition that go beyond the scope of those issues are both irrelevant and unduly burdensome. Moreover, the document production and questioning contemplated by the subpoena raises serious concerns about the chilling effect such unrestrained discovery will have on Ms. McCampbell's role as Monitor in *U.S. v.Cook County*.

10. Assuming she is allowed to testify in these proceedings, Ms. McCampbell respectfully requests, pursuant to F.R.C.P. 26(c), that this Court limit the subject matter to those matters germane to the issues in this case and consistent with any order issued by Judge Kendall and further limit the duration of the deposition consistent with limited scope of Ms. Campbell's testimony.

WHEREFORE Susan McCampbell respectfully requests this Court quash or stay Plaintiffs' subpoena for her deposition until the issue is resolved before Judge Kendall, and should she be allowed to testify, limit the scope and duration of her deposition.

Dated: July 3, 2014
Respectfully submitted,
SUSAN MCCAMPBELL,

By: s/ John J. Rock
One of her Attorneys

John J. Rock
Stacy A. Benjamin
Rock Fusco & Connelly, LLC
321 North Clark Street, Suite 2200
Chicago, Illinois 60654
(312) 494-1000
jrock@rockfuscoconnelly.com